IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

PATRICIA FLATT,

    Plaintiff,

v.                                         No. 14-1060

AETNA LIFE INSURANCE COMPANY
OF HARTFORD, CONNECTICUT a/k/a
AETNA, INC.; FRED'S INC. WELFARE PLAN
and FRED'S SHORT TERM DISABILITY PLAN,

    Defendants.

---

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS CLAIMS AGAINST FRED'S
INC. WELFARE PLAN AND FRED'S SHORT TERM DISABILITY PLANS AND
CERTAIN CLAIMS AGAINST AETNA LIFE INSURANCE COMPANY

---

*INTRODUCTION*

This matter was brought by the Plaintiff, Patricia Flatt, on March 19, 2014 against Aetna Life Insurance Company of Hartford, Connecticut a/k/a Aetna, Inc. ("Aetna"); Fred's Inc. Welfare Plan and Fred's Short Term Disability Plan (sometimes collectively referred to as the "Plans"), alleging wrongful denial of long-term disability ("LTD") benefits and short-term disability ("STD") benefits, breach of fiduciary duty and refusal to supply requested information pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 *et seq.*, as well as breach of contract under Tennessee state law. Before the Court is the Defendants' motion to dismiss Plaintiff's claims against the Plans as well as certain claims against Aetna under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] (D.E. 14.)

---

[1] The motion does not seek dismissal of counts I and II of the complaint as to Aetna, in which Plaintiff claims the insurer wrongfully denied STD and LTD benefits, respectively.

## STANDARD OF REVIEW

The Rule permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The court is to accept all well-pleaded factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *Wilson v. HSBC Bank, N.A.*, ___ F. App'x ___, 2014 WL 6463020, at *2 (6th Cir. Nov. 19, 2014). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Marie v. Am. Red Cross*, ___ F.3d ___, 2014 WL 5905003, at *14 (6th Cir. Nov. 14, 1014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted).

## FACTS ALLEGED

The following facts have been alleged by the Plaintiff. At all times relevant to this litigation, Flatt was a full-time employee of Fred's Inc. and eligible for both LTD and STD benefits under the Plans, group insurance policies entered into between Fred's Inc. and Aetna for the welfare and benefit of Fred's Inc. employees and in which Plaintiff was a plan participant. Aetna served as the fiduciary and claims administrator of the Plans. Flatt was employed by Fred's Inc. for approximately fifteen years before she became disabled and unable to perform the essential functions of her job as a certified pharmacy technician on January 7, 2012.

She applied for STD benefits under the Plans on or about January 11, 2012. Her medical providers were identified to Aetna and disability-supporting medical records, including imaging studies, reports, etc., were made available to the insurer for its review and consideration. Aetna's initial review of Flatt's STD claim found that disability was supported. Specifically, the insurer concluded, based on the medical information provided, that she was experiencing a "combination

of issues" and that she was disabled under the Plans. Her STD payments were scheduled to commence on January 23, 2012.

On February 20, 2012, Aetna found Flatt was "unable to maintain gainful employment" and extended her benefits through March 9, 2012 on grounds that it was "reasonable to support [her] claim for this period due to diagnosis and job physical demand level of medium. Clinical information [received] preclude[d] [her] from being able to perform [the] essential duties of [her] job." The insurer further determined that Flatt "ha[d] job requiring mental clarity and some [physical] demands such as moderate lifting. [Plaintiff] ha[d] multiple complaints, [a] long standing issue of back pain combined with current exacerbation of mental nervous complaints and it [was] reasonable that due to the [combination] of these issues, [Flatt] would be unable/[it would be] unsafe to perform her job duties." Her benefits were terminated, however, effective March 9, 2012 due to a lack of clinical documentation to support her inability to perform essential occupation functions. Plaintiff immediately appealed the denial of benefits.

On or about July 20, 2012, Aetna sent a letter to Flatt, advising that, upon review of her STD benefits application, the contractual guidelines and her medical file, her claim approval was extended through July 13, 2012. However, her benefits were again terminated effective July 14, 2012 due to a lack of medical evidence to support her inability to perform the material duties of her job.

Claim notes of Aetna dated August 3, 2012 reflect that "objective/clinical findings support ongoing disability" and that Flatt was disabled under the Plans. The notes further stated that it was "reasonable to support claim for this period due to diagnosis and job physical demand level of medium. Clinical information received preclude[d] employee from being able to perform essential duties of [her] job." Nevertheless, Aetna advised her by letter that, based on

contractual guidelines and the medical information on file, her claim for STD benefits beyond July 14, 2012 was denied. Flatt's benefits were not reinstated and she never received benefits to which she was entitled from July 14 through July 22, 2012.

Plaintiff appealed the denial on August 27, 2012. Around November 12, 2012, Flatt was informed by the insurer that its original decision to deny benefits effective July 14, 2012 had been upheld due to a lack of medical evidence to support the claim and advised her that she had exhausted all appeal rights with respect to the denial of STD benefits.

Flatt's eligibility for LTD benefits began on July 23, 2012, following her maximum benefit period for STD benefits, and Aetna's consideration of her claim for LTD benefits commenced on July 25, 2012. According to the terms of the Plans, once a "Test of Disability" is met, monthly benefits become payable after the "elimination period" expires. This period in Flatt's case was the first 180 days of her disability.

The Plaintiff claims that, as her disability began on January 9, 2012, her LTD benefits became payable after the elimination period expired on July 6, 2012. As was the case with her STD benefit claims, Flatt's physician information and supporting medical records were provided to Aetna. On August 14, 2012, Aetna advised her that it had denied her claim for LTD benefits on grounds that the medical documentation provided failed to support her claim and because she was not under the active care of a provider. Plaintiff appealed the denial and, on November 12, 2012, the insurer informed her that the decision had been upheld based on a lack of medical evidence to support the disability claim. At that point, her appeal rights were exhausted.

*ASSERTIONS OF THE PARTIES AND ANALYSIS*

The Defendants point to five bases for their motion to dismiss: (1) the complaint does not purport to state any claim against the Plans; (2) to the extent Plaintiff seeks extra-contractual

damages against the Defendants, such claims are unavailable under ERISA; (3) the claim for breach of fiduciary duty in courts III and IV of the complaint should be dismissed as to Aetna on the grounds that Flatt has viable claims for benefits under 29 U.S.C. § 1132(a)(1)(B)[2] and this additional claim does not purport to seek "appropriate equitable relief"; (4) Aetna is not properly subject to a claim for administrative penalties under § 1132(c) as set forth in count V of the complaint; and (5) the state law claim for breach of contract in count VI is preempted by ERISA. In responding to the motion, the Plaintiff concedes that her claim for extra-contractual damages referenced in paragraphs forty-nine and fifty-six of her complaint[3] are not recoverable as part of

---

[2] In her complaint, Plaintiff did not expressly specify the federal statutory provision under which she brought suit for breach of fiduciary duty. However, she referred to § 1132(a)(3) in her response to Aetna's motion to dismiss the claim. Accordingly, the Court construes Plaintiff's claim for breach of fiduciary duty as brought under § 1132(a)(3).

Section 1132(a)(1)(B) provides that "[a] civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, and to clarify his rights to future benefits under the terms of the plan[.]"  29 U.S.C. § 1132(a)(1)(B ).

[3] Paragraph forty-nine of the complaint alleges that

> Defendant Aetna's wrongful denial of short-term disability benefits to Ms. Flatt has caused her additional and undue stress, physical suffering, emotional distress, financial distress, and delays in obtaining necessary medical treatment and evaluation due to her inability to receive the short-term disability benefits to which she was, and remains, entitled to [sic] as a contributing Fred's Inc. employee pursuant to the terms of Fred's Short Term Disability Plan.

(D.E. 1 ¶ 49.)  In paragraph fifty-six, she avers that

> Defendant Aetna's wrongful denial of long-term disability benefits to Ms. Flatt has caused her additional and undue stress, physical suffering, emotional distress, financial distress, and delays in obtaining necessary medical treatment and evaluation due to her inability to receive the long-term disability benefits to which she was, and remains, entitled to [sic] as a Fred's Inc. employee pursuant to the terms of Fred's Inc. Welfare Plan.

5

her § 1132(a)(1)(B) claim. She further acknowledges that the claims alleged in court VI of her complaint are preempted. Accordingly, these claims are DISMISSED. The Court will address the Defendants' remaining assertions seriatim.

*Absence of Claims Against the Plans.*

The Defendants assert that, since the allegations in the complaint are directed at Aetna and not the Plans, the latter are not proper defendants in this action. ERISA expressly provides that "[a]n employee benefit plan may sue or be sued [under the statute] as an entity." 29 U.S.C. § 1132(d)(1). District courts in this circuit have recognized that a plan is a proper defendant in a denial-of-benefits claim. *See Waskiewicz v. UniCare Life & Health Ins. Co.*, Civ. Action No. 12-cv-11250, 2014 WL 1118501, at *3 (E.D. Mich. Mar. 20, 2014); *Gadberry v. Bethesda, Inc.*, 608 F. Supp. 2d 916, 919-21 (S.D. Ohio 2009); *Sullivan v. Cap Gemini Ernst & Young U.S.*, 573 F. Supp. 2d 1009, 1016-17 (N.D. Ohio 2008); *Teel v. Sedgwick Claim Mgmt. Servs., Inc.*, No. 3:07CV-184R, 2007 WL 1231545, at *2 (W.D. Ky. Apr. 25, 2007).

In *Sullivan*, the court explained that

> [w]hile 29 U.S.C. § 1132(d)(1) alone does not establish conclusively that a plan is a proper party defendant to an action under § 1132(a)(1)(B) to recover benefits, the statutory scheme, when viewed collectively, persuades the [c]ourt that the [p]lan is an appropriate defendant in this action. Section 1132(a)(1)(B), which establishes the right of action invoked here by Sullivan, provides that "[a] civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]" Moreover, § 1132(d)(2) provides that any judgment obtained in such an action is enforceable only against the plan. Thus, ERISA establishes clearly that a plan is a separate entity subject to suit, and that any judgment rendered in an action for benefits under § 1132(a)(1)(B) is enforceable only against the plan. These provisions, coupled with the persistent references to the "plan" in the subsection creating the

---

(D.E. 1 ¶ 56.)

cause of action, convince the [c]ourt that the plan is an appropriate defendant in this action, where Sullivan asserts a claim for benefits under § 1132(a)(1)(B) seeking benefits to which she asserts entitlement under the terms of the [plan].

* * *

Moreover, there is no shortage of cases from within the Sixth Circuit addressing the merits of a claim for benefits against a plan where an entity other than the plan, whether the sponsoring employer or unrelated third-party, served as the administrator. In such cases, there is not even a hint that the plan was not a proper party to the action because it was not the administrator. . . . While such cases merely provide inferential support for the propriety of naming the plan as a defendant, the strength of that inference is, in light of the statutory language, impossible to ignore.

*Sullivan*, 573 F. Supp. 2d at 1016-17 (internal citation omitted); *see also Gadberry*, 608 F. Supp. 2d at 919-21 (same).

Here, as in *Sullivan*, the Plaintiff asserts a claim under § 1132(a)(1)(B) for benefits to which she insists she is entitled under the terms of the Plans.[4] Accordingly, Aetna has failed to convince the Court that the Plans are improper defendants.[5]

*Breach of Fiduciary Duty Claims.*

Aetna requests dismissal of these claims, brought under § 1132(a)(3), on the grounds that they do not seek "appropriate equitable relief." Under § 1132(a)(3), "[a] civil action may be brought . . . by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this

---

[4] The case cited by the Defendants, *Moore v. Lafayette Life Insurance Co.*, 458 F.3d 416 (6th Cir. 2006), does not address the issue of whether a plan is a proper defendant in a § 1132(a)(1)(B) case.

[5] In its reply brief, Aetna maintains that there is no viable breach of fiduciary claim against the Plans. However, according to the Court's reading of the Plaintiff's response, as well as the complaint itself, the breach of fiduciary claims are only against Aetna.

subchapter or the terms of the plan[.]" 29 U.S.C. § 1132(a)(3).  In *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609 (6th Cir. 1998), the Sixth Circuit noted that, in *Varity Corp. v. Howe*, 516 U.S. 489 (1996), the Supreme Court "clearly limited the applicability of § 1132(a)(3), [the statute's "catch-all provision"] to beneficiaries who may not avail themselves of § 1132's other remedies." *Wilkins*, 150 F.3d at 613, 615 (citing *Varity*, 516 U.S. at 512).  Because Wilkins had a remedy that permitted him to bring a lawsuit to challenge the plan administrator's denial of benefits to which he believed he was entitled, the court concluded, he did not also have a right to a cause of action for breach of fiduciary duty under § 1132(a)(3).  *Id.* at 615.  The Sixth Circuit distinguished *Varity,* in which the employer-insurer breached its fiduciary duty to the plan's beneficiaries by "significantly and deliberately" misleading them, causing them to lose their non-pension benefits, from the typical denial-of-benefits case before it.  *Id.* at 615-16 (citing *Varity*, 516 U.S. at 491-95).  In doing so, the appellate court noted that "[t]o rule in Wilkins's favor would allow him and other ERISA claimants to simply characterize a denial of benefits as a breach of fiduciary duty, a result which the Supreme Court expressly rejected." *Id.* at 616.

Following *Wilkins*, several Sixth Circuit decisions suggested that a plaintiff who initiated a claim under § 1132(a)(1)(B) could never also bring a claim under § 1132(a)(3).  *Moss v. Unum Life Ins. Co.*, 495 F. App'x 583, 589 (6th Cir. 2012).  The Court clarified its position in 2005 in *Hill v. Blue Cross & Blue Shield of Michigan*, 409 F.3d 710 (6th Cir. 2005).  *See Moss*, 495 F. App'x at 589.  In *Hill*, a complaint was filed seeking recovery of benefits under § 1132(a)(1)(B) and declaratory and injunctive relief under § 1132(a)(3).  *Hill*, 409 F.3d at 715.  The latter claim arose from the third-party administrator's alleged violation of the employee health insurance program's emergency medical treatment provisions "by utilizing an automated claims-processing system that [made] claim determinations based on a physician's final diagnosis rather than the

claimant's signs and symptoms at the time of treatment." *Id.* at 714. On appeal, the plaintiffs argued that, in dismissing their fiduciary duty claims, the district court erred in characterizing those claims as repackaged individual-benefits claims because their claims for breach of fiduciary duty sought plan-wide injunctive relief rather than individual-benefit payments. *Hill*, 409 F.3d at 717. The Sixth Circuit agreed, stating that

> [i]n this case, an award of benefits to a particular Program participant based on an improperly denied claim for emergency-medical-treatment expenses will not change the fact that BCBSM is using an allegedly improper methodology for handling all of the Program's emergency-medical-treatment claims. Only injunctive relief of the type available under § 1132(a)(3) will provide the complete relief sought by Plaintiffs by requiring BCBSM to alter the manner in which it administers all the Program's claims for emergency-medical-treatment expenses.

*Id.* at 718. Thus, the Court made clear that, under some circumstances, a plaintiff could bring claims under both statutes. *Id.* at 717-18.

The Sixth Circuit offered further elaboration two years later in *Gore v. El Paso Energy Corp. Long Term Disability Plan*, 477 F.3d 833 (6th Cir. 2007). Moss, 495 F. App'x at 589. Gore participated in his employer's long-term disability plan, which provided for "own-occupation" disability benefits for a period of twenty-four months. *Gore*, 477 F.3d at 834. After his claim for benefits was denied, he sued the plan administrator and the plan manager/adjudicator for wrongful denial of benefits under § 1132(a)(1)(B) and for breach of fiduciary duty under § 1132(a)(3). *Id.* at 834, 836. The district court dismissed the § 1132(a)(3) claim, finding that it was "nothing more than a repackaged denial of benefits claim" of the type barred by *Wilkins*. *Id.* at 837. On appeal, the Sixth Circuit reversed, concluding that Gore's claim alleging misrepresentation of the duration of his "own occupation" long-term disability benefits fell outside the *Wilkins* line of cases. *Id.* at 838-42. Therefore, Gore could maintain

both a § 1132(a)(1)(B) claim for denial of benefits and one for breach of fiduciary duty under § 1132(a)(3). *Id.* at 841-42.

In objecting to dismissal of her § 1132(a)(3) claims, Plaintiff relies on *Hill* and *Gore*. However, they in fact offer her no safe haven. Unlike the defendants in those cases, Flatt has not alleged that Aetna provided inaccurate, deceptive or misleading information. Instead, she proffers only that Aetna refused to discharge its duties under the plan by failing to adequately review her claim. This is not sufficient to maintain a separate § 1132(a)(3) claim. *See Moss*, 495 F. App'x at 589 (where plaintiff could not show that defendant in § 1132(a)(3) case did not provide inaccurate, deceptive or misleading information, separate claim could not be sustained). Accordingly, her breach of fiduciary duty claims against Aetna, which are merely repackaged § 1132(a)(1)(B) denial-of-benefit claims, are DISMISSED.

*Extra-Contractual Damages.*

Plaintiff contends that, even though extra-contractual damages are not recoverable as part of her § 1132(a)(1)(B) claim, such damages may be recovered in connection with her claims under § 1132(a)(3) for breach of fiduciary duty, as the Court is permitted to award equitable remedies to place her in the position she would have been in had the breach not occurred. In light of the Court's dismissal of the breach of fiduciary claims, however, Flatt's argument is now moot.

*Claim for Administrative Penalties.*

Plaintiff has alleged a claim for administrative penalties against Aetna for failing to supply requested information. Under § 1132(c)(1), "[a]ny administrator . . . who fails or refuses to comply with a request for any information which such administrator is required . . . to furnish to a participant or beneficiary" is subject to imposition of a civil penalty. 29 U.S.C. §

1132(c)(1). Aetna submits that it was not the plan administrator and, therefore, cannot be held liable under § 1132(c)(1).

The Sixth Circuit has observed that "[i]t is well established that only plan administrators are liable for statutory penalties under § 1132(c)." *Gore*, 477 F.3d at 843; *see also Hiney Printing Co. v. Brantner*, 243 F.3d 956, 961 (6th Cir. 2001) ("The law in this Circuit is clear that only a plan administrator can be held liable under [§] 1132(c)."); *VanderKlok v. Provident Life & Accident Ins. Co., Inc.*, 956 F.2d 610, 617-18 (6th Cir. 1992) (where the plan at issue identified the plan administrator as the plaintiff's employer, it was only that entity that could be held liable under § 1132(c)); *Cortez v. Prudential Ins. Co. of Am.*, No. 1:08-CV-315, 2008 WL 4372638, at *3 (W.D. Mich. Sept. 19, 2008) ("while Prudential functioned as the claims administrator, it was not the Plan administrator for purposes of § 1132(c)."); *Gillespie v. Liberty Life Assurance Co. of Boston*, No. 1:10-cv-388, 2011 WL 590369, at *2-3 (W.D. Mich. Feb. 10, 2011) (holding that claims administrator was not a plan administrator for purposes of § 1132(c), stating that "[t]he Sixth Circuit has repeatedly held that only plan administrators are liable for statutory penalties under § 1132(c).").

Flatt acknowledges that the Plans identify her former employer, Fred's Inc., as the plan administrator. In response to the instant motion to dismiss, however, she argues that Aetna acted as the *de facto* administrator of the Plans and was the entity that failed or refused to comply with her request for documentation. Flatt relies on two cases from this circuit in support of her position – *Daniel v. Eaton Corp.*, 839 F.2d 263 (6th Cir. 1988) and *Minadeo v. ICI Paints*, 398 F.3d 751 (6th Cir. 2005).[6] Plaintiff cites *Daniel* for the proposition that "[u]nless an employer

---

[6] Plaintiff also cites to cases outside this circuit, which are not binding on this Court. Even if the Court were to consider the *de facto* administrator theory of liability espoused in those

11

is shown to control administration of a plan, it is not a proper party defendant in an action concerning benefits." *Daniel*, 839 F.2d at 266. She contends that this statement supports a finding that, despite the identity of the administrator of the plan, a court's primary consideration in determining whether a claim has been asserted against the proper party depends on that party's role in the plan's administration. It has been held, however, that an employer/plan administrator's inability to be a proper party under *Daniel* does not permit a plaintiff to obtain a § 1132(c) statutory penalty from an entity other than the plan administrator. *See Gillespie*, 2011 WL 590369, at *2.

In *Minadeo*, the pension plan before the court designated the "Pension Committee of ICI Paints" as the plan administrator. *Minadeo*, 398 F.3d at 758. The employer, Glidden Company, argued for dismissal of the plaintiff's claims under § 1132(c) on grounds it was not the plan administrator. *Id.* The Sixth Circuit, recognizing its holdings in *Hiney Printing* and *VanderKlok*, remanded the matter to the district court for further factual development of the relationship between the Pension Committee and Glidden. *Id.* at 759. In so doing, the court noted that "the available related information suggests both that Glidden participated in the administration of benefits under the pension plan and that the Pension Committee may be so related to Glidden that a request to Glidden should have been construed as one to the Pension Committee." *Id.* A similar situation does not exist here. Accordingly, the Plaintiff's § 1132(c)(1) claim is DISMISSED.

---

cases, the theory has been rejected by courts in this Circuit. *See Cortez*, 2008 WL 4372638, at *4 ("The Court need not devote any substantial analysis to this argument, however, because the law in the Sixth Circuit is that only plan administrators can be held liable for statutory penalties under § 1132(c).") .

*CONCLUSION*

For the reasons set forth herein, the Defendants' motion to dismiss is DENIED as to the Plaintiff's claims against the Plans and GRANTED as to the remainder.

IT IS SO ORDERED this 24th day of November 2014.

                                          s/ J. DANIEL BREEN
                                          CHIEF UNITED STATES DISTRICT JUDGE